IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 5:95-cr-70074 |
| v. | ) |
| | ) |
| GREGORY A. MILTON | ) By: Hon. Michael F. Urbanski |
| | ) Chief United States District Judge |
| | ) |

## MEMORANDUM OPINION

On April 20, 2021, the court entered a memorandum opinion and order in this case granting in part and denying in part defendant Gregory A. Milton's motion to vacate his sentence under 28 U.S.C. § 2255. The court reduced Milton's life sentences to twenty years on Counts One and Three of his conviction but denied his request to reduce his life sentence on Count Four of his conviction.[1] The court also denied Milton relief on his claim of actual innocence. ECF Nos. 425, 426. Milton has filed a motion for reconsideration of the court's order, brought pursuant to Federal Rule of Civil Procedure 60(b), ECF 427, and two motions to alter or amend the judgment, brought pursuant to Federal Rule of Civil Procedure 59(e), ECF Nos. 428, 429. As discussed more fully below, the Rule 60(b) motion is **DISMISSED** for want of jurisdiction and the Rule 59(e) motions are **DENIED**.

---

[1] The factual and procedural history of this case, as well as Milton's arguments and the government's responses to the arguments, are set forth in the memorandum opinion and will not be repeated here, except as necessary to address the arguments raised herein.

I.

Milton moves for reconsideration under Federal Rule of Civil Procedure 60(b)(6), which provides that a court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief, as long as the reason is not one of the enumerated reasons set out in Rule 60(b)(1)–(5).[2] However, Rule 60(b) motions for reconsideration are read in conjunction with the rules regarding second or successive petitions set forth in 28 U.S.C. §§ 2244 and 2255. Those statutes provide that a claim presented in a second or successive habeas petition, or a claim that could have been presented but was not, must be dismissed unless a petitioner obtains permission from the court of appeals to file a subsequent petition.

The Fourth Circuit described the relationship between Rule 60(b) and § 2255 in United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015):

> Rule 60(b) applies to § 2255 proceedings, but only "to the extent that [it is] not inconsistent with" applicable statutory provisions and rules. Rules Governing Section 2255 Cases, Rule 12, 28 U.S.C. foll. § 2255. Therefore, a Rule 60(b) motion in a habeas proceeding that attacks "the substance of the federal court's resolution of a claim on the merits" is not a true Rule 60(b) motion, but rather a successive habeas petition. Gonzalez [v. Crosby, 545 U.S. 524, 531-32 (2005)]. A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings," however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement. Id.

Examples of when a Rule 60(b) motion challenges a defect in the integrity of the federal habeas proceeding as opposed to the underlying conviction or sentence include alleging fraud on the court during the federal habeas proceeding, Gonzalez, 545 U.S. at 532 n.5 (citing

---

[2] Those reasons include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, that the judgment is void, or has been satisfied, released or discharged, is based on an earlier judgment that has been vacated or discharged, or applying it prospectively is no longer equitable. Fed. R. Civ. P. 60(b).

2

Rodriguez v. Mitchell, 252 F.3d 191, 199 (2d Cir. 2001)); allegations of fraud, misrepresentation, or misconduct by the government in the § 2255 proceeding, United States v. Williams, 753 F. App'x 176, 177 (4th Cir. 2019 ) (per curiam); alleging that the court failed to address a motion to amend the § 2255 petition, United States v. Stevens, 734 F. App'x 196, 198 (4th Cir. 2018) (per curiam); and challenging the dismissal of a § 2255 motion as time-barred, United States v. Clarke, 705 F. App'x 185, 186 (4th Cir. 2017) (per curiam).

While there is no infallible test for distinguishing a proper Rule 60(b) motion from a successive application, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a motion to reconsider." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) abrogated in part on other grounds by McRae, 793 F.3d at 392. "Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Id. If a district court determines that a Rule 60(b) motion is tantamount to a successive application, the court must either dismiss the motion for lack of jurisdiction or transfer it to the court of appeals for review under § 28 U.S.C. § 2244(b)(3). Id. Otherwise, the court may review the motion on its merits. Id.

In this case, Milton argues that his motion for reconsideration "seeks a remedy for a defect in the collateral review process and is, therefore, proper." Mot. to Reconsider, ECF No. 427 at 1. He further asserts that his motion to reconsider is asking the court to "address an essential omitted issue, critical to the Court's fair consideration of Mr. Milton's challenge to

3

his life sentence on Count Four." Id. at 2. However, rather than attacking the § 2255 proceeding for failure to address an issue, Milton is challenging his sentence by raising an issue that was not raised in his prior pleadings.

Milton's sentences on Counts Three and Four were enhanced to life sentences under the "three strikes" statute, 18 U.S.C. § 3559(c). At sentencing, Milton did not contest whether two of his previous convictions qualified as predicate offenses under § 3559(c)(2)(F)(i). As stated by the court at sentencing, "The court finds that there have been – there are, in fact, there has been no contesting of the earlier convictions, no evidence from which the court can conclude otherwise as predicate offenses." Sent. Tr., ECF No. 398-6 at 28. The court next stated, "Accordingly, the court concludes that the defendant's conviction of Count 3 [Hobbs Act Robbery] is therefore a qualifying conviction and that the defendant has therefore been, as a result of this conviction, has been convicted of a requisite serious violent felony." Id. at 28-29. The court sentenced Milton to life on Count Three, to be served concurrently with the sentence on Count One.

On Count Four, Milton was convicted of violating 21 U.S.C. § 924(c), use of a firearm in furtherance of a crime of violence. The court found that the § 924(c) conviction qualified as a third strike under § 3559(c)(2)(F)(i), subjecting Milton to a life sentence on Count Four. Id. at 30. The court then sentenced Milton to life on Count Four, to run consecutively to his life sentences on Counts One and Three. Id.

In this motion for reconsideration, Milton argues that the sentencing court found that his § 3559(c)(2)(F)(i) underlying predicate offenses applied to Count Three but did not make a similar finding as to Count Four. Milton points out that the court noted that Milton did not

4

contest the earlier predicate offenses but did not make a "finding that given his prior convictions Milton should be subject to a life sentence on Count Four." Mot. to Reconsider, ECF No. 427 at 3. Milton argues that because the sentencing court did not state on the record that the predicate offenses applied to Count Four, that his life sentence should be vacated and he should be resentenced.

The court has reviewed Milton's original § 2255 motion and his amended motions, and he does not appear to have raised this argument previously. With regard to Count Four, Milton argued that Johnson v. United States, 576 U.S. 591 (2015), invalidated his § 924(c) conviction, which in turn invalidated his "three-strikes" enhancement under § 3559(c), because the § 924(c) conviction no longer qualified as the "third strike." See Am. Mot. to Vacate, ECF No. 335, Second Am. Mot. to Vacate, ECF No. 364, and Reply in Support of Second Am. Mot. to Vacate, ECF No. 383. Milton also argued that his "three-strikes" enhancement under 18 U.S.C. § 3559(c) was unconstitutional under Johnson. Am. Mot. to Vacate, ECF No. 335 at 14-17. In addition, he argued that his prior convictions failed to qualify as "crimes of violence" under the force clause of the career offender guideline. Id. at 6-13.

However, it does not appear that Milton raised the argument that he is entitled to have his sentence on Count Four vacated because the sentencing court did not make a finding on the record that his prior convictions made him subject to a life sentence on that count. Because he did not do so, he cannot raise it now in a motion for reconsideration but must seek permission from the Fourth Circuit Court of Appeals to file a second or successive petition. See 28 U.S.C. § 2244(b)(2); Winestock, 340 F.3d at 206 ("[D]istrict courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow

5

the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.") (emphasis in original) (internal citations and quotations omitted). Therefore, the court reads his Rule 60(b) motion as a second or successive § 2255 proceeding and **DISMISSES** it for want of jurisdiction.

## II.

Milton also filed motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). ECF Nos. 428, 429. Unlike Rule 60(b) motions, Rule 59(e) motions are not considered second or successive habeas motions but are "part and parcel of the first habeas proceeding." Banister v. Davis, 140 S.Ct. 1698, 1702 (2020). "The rule gives a district court the chance to 'rectify its own mistakes in the period immediately following' its decision." Id. at 1703 (quoting White v. New Hampshire Dept. of Employment Security, 455 U.S. 445 (1982)). Submission of a timely Rule 59(e) motion suspends the finality of the judgment for purposes of appeal and the deadline to file an appeal commences upon entry of the order disposing of the Rule 59(e) motion. Id. (internal citations and quotations omitted).[3] If an appeal follows, "the ruling on the Rule 59(e) motion merges with the prior determination, so that the reviewing court takes up only one judgment." Id.

A decision to grant relief under Rule 59(e) rests within the discretion of the district court, but courts within the Fourth Circuit generally may grant a Rule 59(e) motion only if "'the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not [previously] available ..., or (3) that there has been a clear error of law or a

---

[3] A Rule 59(e) motion may be brought within 28 days after the entry of a judgment and both of Milton's motions were timely filed.

6

manifest injustice.'" Bay v. Clarke, No. 2:15cv64, 2017 WL 253971, *2 (E.D. Va. Jan. 20, 2017) (quoting Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010)). "'Rule 59(e) relief has therefore been described as 'an extraordinary remedy which should be used sparingly.'" Id. (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). A Rule 59(e) motion should not be used to "'relitigate issues already decided by the court.'" Id. (quoting In re Cable & Wireless, PLC, 332 F.Supp.2d 896, 899 (E.D. Va. 2004)).

Milton argues that the court committed a clear error of law because it applied the wrong standard when it relied on 28 U.S.C. § 2244(b)(2)(B) rather than § 2255(h)(1) in dismissing his actual innocence claim. After reviewing Milton's motions and the relevant precedent, the court finds that while the law regarding the standards appears unsettled, Milton is not entitled to relief under either standard.

Before a district court can address the merits of a second or successive claim, a petitioner must pass through two gateways. The first gateway is established by 28 U.S.C. § 2255(h), which provides the following:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2255 gives exclusive authority to the court of appeals to determine whether the petitioner has made a prima facie showing that he is entitled to relief. If the appellate court determines that the petitioner's application satisfies § 2255(h), for federal

7

prisoners, or § 2244(b), for state prisoners, the court authorizes the petitioner to file the entire application in the district court, even if some of the claims do not satisfy the applicable standards. Winestock, 340 F.3d at 205.

The second gateway is established by 28 U.S.C. § 2244(b)(4), which provides that "[A] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of <u>this section</u>." 28 U.S.C. § 2244(b)(4) (emphasis added). The question raised by Milton is whether the requirements of "this section" are those set out in § 2244 or those set out in in § 2255.

In the memorandum opinion, the court cited <u>In re Hubbard</u>, 825 F.3d 225, 229 n.1 (4th Cir. 2016), where the Fourth Circuit noted that when determining whether a petitioner seeking to file a second or successive § 2255 petition should be allowed to do so, the circuit court was not concerned with whether the petitioner would ultimately prevail on his claim, but only whether he could make a prima facie showing that the application satisfied the requirements of § 2244(b)(3)(C) to gain pre-filing authorization. The circuit court commented in a footnote that "While Hubbard's motion relies on § 2255, that provision incorporates by reference the factors listed in § 2244." This court then looked to § 2244 and cited <u>In re Williams</u>, 330 F.3d 277, 282 (4th Cir. 2003), a state habeas case which relied on § 2244(b)(2)(B), for its discussion of what a petitioner has to show to bring a second or successive claim based on a factual predicate that could not have been discovered earlier through the exercise of due diligence. Mem. Op., ECF No. 425 at 37. The court then used the § 2244(b)(2)(B) standard to assess Milton's claim. See Mem. Op., ECF No. 425 at 37-50.

8

In United States v. MacDonald, 641 F.3d 596, 609 (4th Cir. 2011) (citing Winestock, 340 F.3d at 205), the Fourth Circuit held that a district court erred in a § 2255 motion when it applied the standard of 28 U.S.C. § 2244(b)(2)(B)(ii) rather than § 2255(h). The court added that "Nonetheless, the standards of § 2244(b)(2)(B)(ii) and § 2255(h)(1) are quite similar." MacDonald cited In re Dean, 341 F.3d 1247, 1249 n.4 (11th Cir. 2003), for its observation that the two provisions are "materially identical" and commented that the district court's error in identifying the controlling standard was "probably harmless." MacDonald, 641 F.3d at 610. The court did not further concern itself with the harmlessness question because it found that the district court committed prejudicial error by taking an overly restrictive view of what constitutes "evidence as a whole." Id.

Notwithstanding MacDonald, the Fourth Circuit has not been entirely consistent in its determination that a district court should apply the standard set out in § 2255(h)(1) rather than § 2244(b)(2)(B)(ii). In United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017), abrogated on other grounds by Stokeling v. United States, 139 S.Ct. 544, 550 (2019), the court assumed without discussion that pursuant to 28 U.S.C. § 2244(b)(4), a district court "shall dismiss any claim presented in a second or successive [§ 2255] application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements elsewhere found in § 2244." (emphasis added). The court went on to state "Under 28 U.S.C. § 2244(b)(2)(A), a movant must show that the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." The court then cited Hubbard, 825 F.3d at 299 n.1, for its explanation that even

9

though a motion is filed under 28 U.S.C. § 2255, "that provision incorporates by reference the factors listed in [28 U.S.C.] § 2244." Winston, 850 F.3d at 682.

Thus, the law in the Fourth Circuit is ambiguous regarding whether a district court should use the standard set out in 28 U.S.C. § 2244(b)(2)(B)(ii) or § 2255(h) in deciding claims brought in a successive § 2255 motion. It also is unclear whether it matters if a court uses one standard or the other.[4]

Milton argues that the court's use of the standard in § 2244(b)(2)(B)(ii) rather than § 2255(h) requires that the court grant his Rule 59(e) motion. However, Milton has failed to show that he is entitled to relief using either standard. The standard set out in § 2255(h)(1) requires a petitioner to present "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." First, as discussed at length in the memorandum opinion, with the exception of one affidavit, none of the evidence presented by Milton was new, or newly discovered. Milton's arguments focus on

---

[4] Only one court seems to have addressed this issue directly and in depth. In Case v. Hatch, 731 F.3d 1015 (10th Cir. 2013), the Tenth Circuit acknowledged that the Fourth Circuit had commented in MacDonald, 641 F.3d at 610, that § 2244(b)(2)(B)(ii) and § 2255(h)(1) are "materially identical." The Case court disagreed, finding that the two provisions are different in at least two ways. First, § 2255(h)(1) refers to "newly discovered evidence" while § 2244(b)(2)(B)(ii) refers to "the facts underlying the claim." Second, § 2255(h)(1) omits the phrase "but for constitutional error," which appears in § 2244(b)(2)(B)(ii). Case, 731 F.3d at 1035. "Section 2255(h)(1) can be read to allow 'newly discovered evidence' to 'establish' a petitioner's innocence and omits any requirement that the new evidence be rooted in constitutional error at trial." Id. The court concluded that § 2255(h) provides a more lenient standard than § 2244(b)(2)(B)(ii), which was in keeping with the goals of promoting comity, finality, and federalism set out in the Anti-Terrorism and Effective Death Penalty Act of 1996. See also United States v. Villa-Gonzalez, 208 F.3d 1160, 1164 n.4 (9th Cir. 2000) (stating without discussion, "We point out that in the context of a section 2255 motion, the phrase 'the requirements of this section' in section 2244(b)(4) refers to the requirements set out in section 2255, not section 2244(b)(2)."). But see United States v. Peppers, 899 F.3d 211, 221-222 (3rd Cir. 2018) (assessing a second or successive motion under § 2255 and citing without discussion application of 28 U.S.C. § 2244(b)(2)(A)); United States v. Carter, 422 F.Supp.3d 299, 311 n.19 (D.C. 2019) (citing to the petitioner's motion for its discussion of the interplay between § 2255(h)(2), § 2244(b)(3)(4) and § 2244(b)(2)(A)).

evidence presented at his trial and the trial of one of his co-defendants, Derek Yancy. Milton was tried in 1996 and Yancy was tried in 1997. Milton argues about inconsistencies in the testimony at his trial and inconsistencies in the testimony by witnesses at his trial and Yancy's trial. Milton also cites to affidavits produced by witnesses in 1995, 2008, and 2009.

Second, and also discussed at length in the memorandum opinion, Milton's evidence, if proven and viewed in light of the evidence as a whole, does not establish by clear and convincing evidence that no reasonable factfinder would have found Milton guilty of the offense. The jury heard evidence from two witnesses at the scene of the murder who testified that Milton beat and shot the decedent, Ian Byron-Cox. An FBI agent also testified that when Milton was arrested, law enforcement officers seized a .380 semi-automatic pistol and black bag with ammunition from him and that he told officers that "he knew the police was at the front door, and he knew he was looking at the electric chair in Virginia for the homicide, so he was going to take the gun and come out and shoot us, and that way he would take some of us with him." The jury also heard testimony identifying Milton's co-defendant, John Waller, as the shooter, but nevertheless concluded that Milton was the shooter.

Two of the affidavits offered by Milton describe after-the-fact confessions to the murder by an unnamed inmate at a county jail. Another affidavit provided by an inmate 12 years after the murder states that a man identified by Waller's nickname of "Jay" had admitted to committing the murder. A fourth affidavit from Milton's mother states that Waller's girlfriend had told Milton's mother that she would come forward with evidence to help Milton, although she never did so. Milton also produced an unsigned, unsworn, 2008 affidavit from

himself, in which he claimed Waller committed the murder. Again, nothing about these affidavits can be considered new, as they are all more than ten years old.

The only affidavit produced after the Fourth Circuit granted Milton permission leave to file a successive § 2255 motion was an October 20, 2016 affidavit from Terrence Drakeford, who had testified at Milton's trial. At trial, Drakeford testified for the government about the drug trade in which Byron-Cox, Milton, Waller, and himself had been involved. Trial Tr., Drakeford Test., ECF No. 398-1 at 144-151. Drakeford testified that three weeks before the murder, a dispute over missing drugs arose between Byron-Cox, Milton, and Waller in which Byron-Cox threatened to kill Waller if any more drugs went missing. Id. at 151-153. Drakeford also testified that Milton had complained that he was not being paid enough by Byron-Cox and that Byron-Cox did not speak to him "like a man." Id. at 154. In addition, Drakeford testified that in a conversation at the Valhalla Correctional Institute with Milton after Byron-Cox was murdered, Drakeford ask Milton why Byron-Cox was "in the ground" and Milton responded that Waller had "bugged out." Id. at 157-158.

Drakeford gave much of the same information in his 2016 affidavit. Aff. of Terrence Drakeford, ECF No. 338-1. However, in the affidavit, Drakeford stated that "while visiting a friend at the Westchester County Jail, I seen Waller in the visiting room and he told me Milton had 'bugged out.'" Id. ¶ 5. Drakeford also stated that prior to Milton's trial, while Drakeford and Waller were both in the Rockingham County Jail, Waller had told Drakeford that he (Waller) had killed Byron-Cox. Waller claimed that he gave his attorney this information prior to Milton's trial but his attorney told him that testifying about what Waller told him would destroy Drakeford's chance of receiving a favorable sentence under his plea agreement.

12

Even if Drakeford did not give Milton this information until Milton had been given permission by the court of appeals to file the second or successive motion, the statement, if proven and viewed in light of the evidence as a whole, would be insufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Milton guilty of murdering Byron-Cox. Although Drakeford stated in his affidavit that he declined to testify about what Waller told him because his attorney told him that doing so would destroy Drakeford's chance of receiving a favorable sentence under his plea agreement, Drakeford did not shy away from implicating Waller in the murder at trial. He testified that Byron-Cox had threatened Waller and also testified that Milton had said that Byron-Cox was killed because Waller "bugged out."

If a jury heard Drakeford testify that prior to Milton's trial Waller had told him that he had killed Milton, the jury would have to weigh that statement against Drakeford's sworn testimony at trial in which he wholly omitted that fact. In addition, it would have to weigh the statement in Drakeford's affidavit that Waller said Milton "bugged out," against Drakeford's trial testimony that Milton said Waller "bugged out." Finally, the jury would have to weigh Drakeford's 2016 statement that almost twenty years previously Waller had confessed to the murder of Byron-Cox against the testimony of witnesses at trial who identified Milton as the shooter. In light of the evidence as a whole, the court finds that Drakeford's affidavit is insufficient to show that no reasonable factfinder would have found Milton guilty of the offense.

13

In sum, relying on the standard set out in 28 U.S.C. § 2255(h)(1), the court finds that with the exception of the Drakeford affidavit, none of the evidence submitted by Milton in support of his actual innocence claim was new or newly discovered. The court further finds that the evidence, when viewed in light of the evidence as a whole, does not establish by clear and convincing evidence that no reasonable factfinder would have found Milton actually innocent of killing Byron-Cox. Accordingly, the court **DENIES** Milton's motion for relief under Rule 59(e).

## III.

Milton also argues that the court erred in denying him a Certificate of Appealability (COA) without giving him an opportunity to demonstrate that he is entitled to a COA from the district court. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under § 2255." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides the following:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

See also Kasi v. Angelone, 200 F.Supp.2d 585, 602 (E.D. Va. 2002) (quoting Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)) (noting that a court may sua sponte rule on a COA).

"The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. Where a claim is dismissed on a procedural ground, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The court is familiar with the facts underlying Milton's case as well as his arguments that he is entitled to relief under § 2255 and does not find that additional argument from the parties is necessary to determine whether he is entitled to a COA. Rather, the court finds on the record before it that Milton has not shown that reasonable jurists could debate that the district court's assessment of the constitutional claims is wrong, or that the dispositive procedural ruling is debatable. Thus, the court **DENIES** Milton a COA.

For the reasons stated above, Milton's motions to alter or amend his judgment under Rule 59(e), ECF Nos. 428 and 429, are **DENIED**.

An appropriate order will be entered.

Entered: July 9, 2021

Michael F. Urbanski
Chief United States District Judge