CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
April 09, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 5:95-cr-70074 |
| v. | ) |
| | ) |
| GREGORY A. MILTON | ) By: Hon. Michael F. Urbanski |
| | ) Senior United States District Judge |
| | ) |

## MEMORANDUM OPINION

Pending before the court is defendant Gregory A. Milton's pro se motion to reopen proceedings in a 28 U.S.C. § 2255 motion which previously was adjudicated by this court. ECF No. 458.[1] As set forth below, the motion is **DENIED**.

### I.

On April 20, 2021, the court entered a memorandum opinion and order in this case granting in part and denying in part Milton's motion to vacate his sentence under 28 U.S.C. § 2255. The court reduced Milton's life sentences to twenty years on Counts One and Three of his conviction but denied his request to reduce his life sentence on Count Four of his conviction.[2] The court also denied Milton relief on his claim of actual innocence. ECF Nos. 425, 426. Milton filed a motion for reconsideration of the court's order, brought pursuant to Fed. R. Civ. P. 60(b), ECF 427, and two motions to alter or amend the judgment, brought

---

[1] Also pending is a motion for a sentence reduction filed by Milton on May 6, 2024. ECF No. 463. This motion will be addressed separately.

[2] The factual and procedural history of this case, as well as Milton's arguments and the government's responses to the arguments, are set forth in the memorandum opinion and will not be repeated here, except as necessary to address the arguments raised herein.

pursuant to Fed. R. Civ. P. 59(e), ECF Nos. 428, 429. The court denied those motions. ECF Nos. 430, 431. Milton appealed the partial denial of his § 2255 motion and the denial of his motions for reconsideration and the Fourth Circuit dismissed the appeal on June 30, 2022. United States v. Milton, No. 21-7316, 2022 WL 2355508 (4th Cir. 2022) (per curiam), ECF Nos. 447, 448 herein. Milton sought a writ of certiorari from the United States Supreme Court which was denied on March 20, 2023. ECF No. 457.

The § 2255 motion that Milton seeks to reopen was filed on July 14, 2016, after Milton sought and was granted permission by the Fourth Circuit Court of Appeals to file a second or successive motion following the Supreme Court's decisions in Johnson v. United States, 576 U.S. 591 (2015), and Welch v. United States, 578 U.S. 120 (2016). ECF No. 325. Although Milton filed the motion pro se, ECF No. 327, attorney Lisa Lorish with the Federal Public Defender's office entered an appearance on his behalf on July 18, 2016, and filed an amended § 2255 motion on January 13, 2017. ECF Nos. 328, 335.[3] Lorish filed a supplemental motion on February 24, 2017, asserting an actual innocence claim for Milton, and noting that the actual innocence argument was drafted by Milton and filed at his request. ECF No. 338. Milton's § 2255 petition was stayed for a time as the parameters of the case law following Johnson evolved.

On March 4, 2020, Lorish filed a second amended motion to vacate under § 2255 addressing new developments in case law. ECF No. 364. On May 4, 2020, the government

---

[3] On August 3, 2015, the United States District Court for the Western District of Virginia appointed the Federal Public Defender's office to represent indigent defendants to determine whether they qualified for federal habeas relief after the Supreme Court decided Johnson. See Standing Order No. 2015-5 (W.D. Va. Aug. 3, 2005); https://www.vawd.uscourts.gov/sites/Public/assets/File/StandingOrders/Sentencing/standingorder2015-5.pdf; ECF No. 326.

2

filed a response to the § 2255 motion, ECF No. 370, and on August 6, 2020, Lorish filed a reply to the response and a motion to reduce Milton's sentence pursuant to the First Step Act of 2018. ECF No. 383. Lorish filed supplemental authority in support of the § 2255 motion on October 14, 2020, October 23, 2020, November 19, 2020, and December 29, 2020. ECF Nos. 386, 388, 389, 394.

On March 5, 2021, Lorish filed a motion to withdraw as counsel, telling the court that she believed that a conflict of interest existed under Rules 1.7 and 1.9 of the Virginia State Bar professional guidelines, although she did not elaborate on the basis for the motion. ECF No. 403. Milton attached to the pending motion a copy of an email from Lorish to him, dated March 5, 2021, the same day she withdrew as counsel in his case, in which she told him the following:

> I filed a motion to withdraw as your counsel this morning. I have asked the court to appoint a new lawyer for you. I will do everything I can to make sure your new attorney has all of the information that I have about your case, and your actual innocence argument. That will include, as long as your new attorney is okay with it, your continuing access to Mr. Perry and the information he has about your case going forward. As I mentioned last night, I think at this point, that the conflict of interest between your case and Mr. Waller's case means that I cannot represent either one of you, and I want you to have a new lawyer to look at your actual innocence arguments.

Email from Lisa Lorish, ECF No. 458-5 at 2. The order to withdraw was granted on March 15, 2021, and on the same day, attorney Rhonda Quagliana was appointed to represent Milton. ECF Nos. 404, 405.

Regarding Lorish's reference to "Mr. Waller," the record in the case shows that on September 10, 2019, she filed a notice of appearance on behalf of John Kirk Waller, one of

3

Milton's co-defendants in the underlying criminal case. ECF No. 353. Nothing further happened in Waller's case until approximately fifteen months later, when, on December 7, 2020, another attorney, Jennifer Givens, filed a notice of appearance on Waller's behalf, and the same day filed a motion to reduce Waller's sentence under the First Step Act of 2018. ECF Nos. 390, 391. The next day, December 8, 2020, attorney Lorish filed a motion to withdraw as counsel in Waller's case. In that motion, she explained the following:

> On September 10, 2019, the undersigned counsel noticed her appearance on behalf of Mr. Waller, with the intention of working with the Federal Sentence Reduction Clinic at the University of Virginia School of Law to file a motion under Section 404 of the First Step Act for Mr. Waller. Counsel has been representing a co-defendant in this matter for purposes of post-conviction relief. Issues of relative culpability are important matters to investigate and present in Section 404 First Step Act cases, and in this particular case, which includes the co-defendant's assertion of actual innocence, counsel requested that Jennifer Givens, who is employed at the UVA School of Law, supervise the student who worked on this motion through the Federal Sentence Reduction Clinic to avoid any conflict of interest. Ms. Givens has now appeared in this case and filed a motion for Mr. Waller. As a result, counsel seeks to withdraw from any further representation.

ECF No. 392. The motion was granted on December 22, 2020. ECF No. 393.

Thus, the docket shows that Lorish was listed as counsel for both Milton and Waller from September 10, 2019, through December 22, 2020, although she never filed any substantive pleading on behalf of Waller. Milton filed the pending motion May 8, 2023, and argues that the court can "reopen" his § 2255 motion under either Fed. R. Civ. P. 60(b)(4) or 60(b)(6), because Lorish was laboring under a conflict of interest when she represented him.

4

## II.

Milton seeks to reopen his § 2255 motion based on two subdivisions of Fed. R. Civ. P. 60(b). Rule 60(b) motions provide for relief from a final judgment, order, or proceeding when certain criteria are met. In the context of a § 2255 motion, Rule 60(b) is read in conjunction with the rules regarding second or successive petitions set forth in 28 U.S.C. §§ 2244 and 2255. Those statutes provide that a claim presented in a second or successive habeas petition, or a claim that could have been presented but was not, must be dismissed unless a petitioner obtains permission from the court of appeals to file a subsequent petition.

The Fourth Circuit described the relationship between Rule 60(b) and § 2255 in United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015):

> Rule 60(b) applies to § 2255 proceedings, but only "to the extent that [it is] not inconsistent with" applicable statutory provisions and rules. Rules Governing Section 2255 Cases, Rule 12, 28 U.S.C. foll. § 2255. Therefore, a Rule 60(b) motion in a habeas proceeding that attacks "the substance of the federal court's resolution of a claim on the merits" is not a true Rule 60(b) motion, but rather a successive habeas petition. Gonzalez [v. Crosby, 545 U.S. 524, 531-32 (2005)]. A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges "some defect in the integrity of the federal habeas proceedings," however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement. Id.

Here, Milton is attacking the integrity of the habeas proceedings based on his assertion that attorney Lorish was operating under a conflict of interest during the proceedings and therefore, the court finds that this is a "true" Rule 60(b) motion.

### A.

Rule 60(b)(4) provides that "on motion and just terms," the court may relieve a party from a final judgment, order, or proceeding when the judgment is void. "A void judgment is

5

a legal nullity." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (citations omitted). "Although the term 'void' describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." Id. (citations omitted). A judgment is not void because it is or may be erroneous, and a Rule 60(b) motion is not a substitute for a timely appeal. Id. "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271 (citations omitted). Milton contends that the order granting in part and denying in part the § 2255 motion was entered without his being afforded due process of law because Lorish operated under a conflict of interest, and therefore is void.

Before proceeding, it is important to note that a claim that an attorney operated under a conflict of interest is an ineffective assistance of counsel claim. "We have recognized that, as a general proposition, '[t]he effective performance of counsel requires meaningful compliance with the duty of loyalty and the duty to avoid conflicts of interest, and a breach of these basic duties can lead to ineffective representation.'" United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007) (quoting United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991)). "A necessary corollary to the right of effective assistance of counsel is the 'right to representation that is free from conflicts of interest.'" Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000) (citing Wood v. Georgia, 450 U.S. 261, 271 (1981)); see also Cuyler v. Sullivan, 446 U.S. 335, 345 (1980) (addressing conflict of interest claim as a Sixth Amendment right to

6

effective assistance of counsel claim). Thus, Milton's claim that Lorish operated under a conflict of interest is construed as an ineffective assistance of counsel claim.

It is well established that defendants do not have a Sixth Amendment right to counsel on collateral review, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), although "in some exceptional cases due process does mandate the appointment of counsel for certain post-conviction proceedings." United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). In the absence of a Sixth Amendment right to counsel, a defendant cannot make out a claim for ineffective assistance of counsel. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Accordingly, because Milton is challenging Lorish's representation of him during the § 2255 proceedings, his claim fails on this basis alone.

## B.

However, even if Milton could bring an ineffective assistance of counsel claim based on Lorish's representation in his § 2255 motion, he has failed to make out such a claim. To establish that a conflict of interest resulted in ineffective assistance, a defendant must show more than a mere possibility of a conflict. Nicholson, 475 F.3d at 249 (citing Tatum, 943 F.2d at 375). He must show an actual conflict that adversely affected his attorney's performance. Id. In Mickens v. Taylor, 240 F.3d 348, 361 (4th Cir. 2001), the Fourth Circuit described what a defendant must show for a court to determine that a conflict of interest adversely affected his lawyer's performance:

> First, the petitioner must identify a plausible alternative defense strategy or tactic that his defense counsel might have pursued. Second, the petitioner must show that the alternative strategy or tactic was objectively reasonable under the facts of the case known to the attorney at the time of the attorney's tactical decision. In the language of Tatum, the petitioner must show that

7

> the alternative strategy or tactic was "clearly suggested by the circumstances." Tatum, 943 F.2d at 376. Finally, the petitioner must establish that the defense counsel's failure to pursue that strategy or tactic was linked to the actual conflict.

Milton has not made the requisite showing. While he claims that his attorney abandoned his actual innocence claim and "any associated evidentiary pursuit" after entering an appearance in Waller's case, ECF No. 458 at 7, the record does not support this contention. Lorish presented the actual innocence claim to the court in the § 2255 motion she filed on January 13, 2017, and in the supplement to the § 2255 motion she filed on February 24, 2017. ECF Nos. 335 at 22–26; 338. Both motions were filed well before she entered an appearance in Waller's case. On March 4, 2020, during the time she was counsel of record for Waller, Lorish filed a second amended § 2255 motion to address developments in case law and noted that the actual innocence argument remained in full force and effect and was fully incorporated into the second amended motion. ECF No. 364 at 2. In a reply to the government's response she filed on August 6, 2020, Lorish argued that the court should not dismiss Milton's actual innocence claim. ECF No. 383. Thus, the record shows that Lorish presented Milton's actual innocence claim to the court both before she was counsel of record for Waller and during the time she was on record as representing him.

Milton attached to his motion a copy of a letter Lorish sent him dated October 14, 2018, almost a year before she entered an appearance in Waller's case, in which she acknowledged that his primary interest was in his actual innocence claim, rather than his Johnson claim, and noted the following about the actual innocence claim:

> As I indicated the last time we spoke by phone, I do not believe that the court will consider this claim as timely, and even if they do consider it, I do not believe the inconsistent testimony or the

8

> affidavits would be enough to prove actual innocence. As we discussed, I included the argument as a courtesy to you to ensure that no waiver would occur in the event I am incorrect. However, in response to your last letter, we are initiating a new FOIA request for the BOP phone records. I will keep you up to date about the response to that request. It seems likely that they destroyed all the records after your last litigation over this ended years ago, but in the event they retained them, I do not think the reasons they gave you for not being able to parse our relevant records from confidential records would be technologically sound today. That is the only factual evidence I intend to pursue.

Letter from Lisa Lorish, ECF No. 458-3 at 2. Milton asserts that after Lorish appeared as counsel for Waller, she abandoned her quest to obtain from the Bureau of Prisons recorded phone calls that Milton believed supported his actual innocence claim. However, nothing in the record sheds light on whether Lorish pursued the FOIA request and if so, the outcome of any such request, and the court will not rely on Milton's conclusory allegation to find that Lorish did not pursue the actual innocence claim, much less that she failed to do so because of a conflict of interest.

Moreover, the court addressed the actual innocence argument at length and in detail. See Mem. Op., ECF No. 425 at 35–49. In two subsequent motions to alter or amend the judgment, one filed by attorney Quagliana, ECF No. 428, and one filed by Milton pro se, ECF No. 429, he once again raised the actual innocence claim, and the court once again addressed it. Mem. Op., ECF No. 430.

Milton has not identified a plausible alternative argument that Lorish could have made regarding actual innocence, and has not shown that any alternative argument was objectively reasonable under the facts of the case known to her at the time she filed his § 2255 motion. Mickens, 240 F.3d at 361. Milton's actual innocence claim was fully briefed by Lorish,

Quagliana, and Milton himself, and this court thoroughly reviewed it. Accordingly, Milton cannot show that any conflict of interest that might have been created by Lorish when she appeared as counsel of record for Waller resulted in her providing ineffective assistance of counsel to Milton.[4]

To the extent Milton's motion to reopen is construed as a motion for relief from judgment because the judgment is void, Fed. R. Civ. P. 60(b)(4), it fails for the same reason. Milton cannot show that he was denied due process on the actual innocence claim because the claim was thoroughly briefed by attorneys Lorish and Quagliana and by Milton himself and given careful consideration by the court. Accordingly, any claim he makes that the order denying his § 2255 motion is void for want of due process is **DENIED**.

## C.

Milton also moves to reopen the § 2255 motion under Fed. R. Civ. P. 60(b)(6), which provides that a court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief, as long as the reason is not one of the enumerated reasons set out in Rule 60(b)(1)–(5).[5] The same analysis set forth above applies to Milton's motion under Rule

---

[4] Milton also points out that attorney Givens, who appeared for Waller after Lorish withdrew from Waller's case, worked with Lorish at the University of Virginia School of Law. Milton contends that their working relationship "raises questions of the qualifications of UVA to represent Waller in terms of this Petitioner's conflict of interest assertion." Mot., ECF No. 458 at 8. Milton, as a lay person, cannot represent Waller's interests. Taylor v. Warden, FCI Edgefield, No. 2:24-cv-00177-TMC, 2024 WL 3963862, at *2 (S.D.S.C. Aug. 28, 2024) (citing Whitmore v. Arkansas, 495 U.S. 149, 165 (1990) and Banks as next friend of Waymer v. Eddy, 801 F. App'x 50, 51 (3rd Cir. 2020)). Also, the court will not presume a conflict of interest where none has been demonstrated, and the fact that Waller was represented by two different University of Virginia faculty members is insufficient to create a conflict of interest. Barnhill v. Flannigan, 42 F.3d 1074, 1078 (7th Cir. 1994) (citing Cuyler, 446 U.S. at 347–48).

[5] Those reasons include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, that the judgment is void, or has been satisfied, released or discharged, is based on an earlier judgment that has been vacated or discharged, or applying it prospectively is no longer equitable. Fed. R. Civ. P. 60(b).

60(b)(6). Milton has failed to show any reason that justifies reopening the court's resolution of his § 2255 motion.

### III.

For the reasons stated above, Milton's motion to reopen his § 2255 motion, ECF No. 458, is **DENIED**.

An appropriate order will be entered.

Entered: April 7, 2025

Michael F. Urbanski
Senior United States District Judge

11